UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD DUNMORE<br>     Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>     Defendant, | Civil Action No.<br>1:11-CV-0389 (NAM/DRH) |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Ronald Dunmore an individual consumer, against Defendant, NCO Financial Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here.

## III. PARTIES

3. Plaintiff, Ronald Dunmore is a natural person with a permanent residence XXXXX XXXXXXXXXXXXXXXX Philadelphia, Philadelphia County, Pennsylvania 19145.

4. Upon information and belief the Defendant, NCO Financial Systems, Inc., is a corporation engaged in the business of collecting debt in this state and in several

other states, with its principal place of business in the Northern District of New York located at 900 Watervliet Shaker Road #100, Albany, Albany County, New York 12205-1016. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before March, 2006.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff in a repeated and continuous manner with the intent to annoy and harass Plaintiff.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, " That's a bunch of bullshit, your just a lazy ass who doesn't want to pay!"

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff "We could attach your disability check."

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We'll take you to court and we'll take your home."

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We'll put you on a bad credit report and you'll never get credit again."

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that he knows a bunch of people who are in same situation Plaintiff is in that are on disability and they are able to pay.

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did attempt to contact Plaintiff after 9:00pm; Plaintiff's local time.

## V. CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff after 9 o'clock postmeridian, local time at Plaintiff's location; and

    (b) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (d) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

    (e) Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (f) Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in seizure of any property of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

    (g) Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in garnishment of disability payments of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(h) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that Defendant does not intend to take and/or Defendant cannot legally take; and

(i) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.; and

(j) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Ronald Dunmore for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, NCO Financial Systems, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

### VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Ronald Dunmore, demands trial by jury in this action.

This 8th day of April, 2011.

ATTORNEY FOR PLAINTIFF
Ronald Dunmore

Respectfully submitted,
By: /s/ Kevin J. Buckley, Jr., Esq.
Kevin J. Buckley, Jr., Esq.
NDNY Bar No. 516784
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458